**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

DOCKETED

JUL 13 2004

| | |
|---|---|
| KATHERINE LOPEZ | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| v. | ) |
| | ) JURY DEMAND |
| WHEELS OF CHICAGO, INC. | ) |
| | ) |
| Defendant | ) |

JUDGE HOLDERMAN

MAGISTRATE JUDGE MASON

## COMPLAINT

Plaintiff, Katherine Lopez, by and through her attorneys, brings this Complaint against Defendant

Wheels of Chicago, Inc, for violations of the Truth in Lending Act , the Magnuson-Moss Warranty Act and

the Illinois Consumer Fraud and Deceptive Business Practices Act.

### Parties

1.      Plaintiff, Katherine Lopez ("Ms. Lopez"), is a consumer residing in this district. Plaintiff
demand trial by jury.

2.      Defendant, Wheels of Chicago, Inc. ("Wheels of Chicago"), is a corporation organized

and existing under the laws of the State of Illinois and doing business in Cook County, Illinois. At all times

relevant to the allegations of the complaint, Wheels of Chicago was engaged in trade or commerce in the

State of Illinois that affected the citizens of Illinois.

### Jurisdiction and Venue

3.      Federal question jurisdiction exists under 28 U.S.C. § 1331 because this case arises under

15 U.S.C. § 1691.  Supplemental jurisdiction over the state-law claim exists under 28 U.S.C. § 1367.

Page -1-



4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions that give rise to this cause occurred, in substantial part, in this district.

### *Factual Allegations*

5.      On July 24, 2003, Plaintiff went to Wheels of Chicago to purchase a vehicle.

6.      Plaintiff was sold a 1992 Ford Taurus by Sam, a salesman at Wheels of Chicago.

7.      Wheels of Chicago offered a written warranty with the vehicle.

8.      Plaintiff sought to buy the car on credit.

9.      In order to induce Plaintiff to buy the vehicle, Wheels of Chicago offered a $500 down payment certificate.

10.      Plaintiff signed a retail installment contract and a wage assignment.

11.      The wage assignment was not disclosed as a security interest on the retail installment contract.

12.      As part of the contract, Wheels of Chicago charged Plaintiff $20 for a payment book which was not disclosed as a finance charge.

13.      The vehicle was also installed with a PASSTIME starter interrupt device.

14.      According to PASSTIME's website,

> "The PASSTIME payment protection systems increase the financers [sic] control and leverage over sub-prime credit challenged customers. A PASSTIME equipped vehicle can be remotely disabled using a global positioning system to track cars when on time payments are defaulted on."

13.      The PASSTIME device requires that a consumer enter a code before the consumer is able to start the vehicle.

Page -2-

14.     Plaintiff was presented with a letter about the PASSTIME device.

15.     This letter details certain charges which may be imposed incident to the PASSTIME device.

16.     These charges were never disclosed as finance charges in the retail installment contract.

17.     After Plaintiff signed a series of documents, she left with the vehicle.

18.     Plaintiff brought the vehicle back to Wheels of Chicago on July 25, 2003, because the air-conditioning did not work.

19.     Plaintiff was told by unknown representatives at Wheels of Chicago that she would have to pay to have the air-conditioning repaired.

20.     Plaintiff later noticed a hole in the backseat of the vehicle on the driver's side.

21.     Plaintiff told Sam at Wheels of Chicago about the hole in the backseat of her vehicle, Sam then responded by telling plaintiff that "it was nothing."

22.     The transmission malfunctioned soon after Ms Lopez purchased the vehicle.

23.     With the broken transmission, plaintiff's vehicle would not move forward or backward.

24.     On or about Sept 15, 2003, plaintiff called Wheels of Chicago and spoke with a manager named Al.

25.     Plaintiff told Al about the problems she was having with her vehicle.

26.     Al told plaintiff that Wheels of Chicago would not repair the vehicle and that Ms Lopez would have to pay for the repairs.

27.     As a result of Plaintiff's unfair and deceptive sale of the vehicle, plaintiff has suffered damages in the form of economic loss, loss of use and aggravation and inconvenience.

Page -3-

## COUNT I
### *Violation of the Truth in Lending Act for*
### *Failure to Disclose Proper Amount Financed*

28.     Plaintiff incorporates paragraphs 1 through 27 into this count.

29.     On July 12, 2003, Plaintiff consummated a credit transaction with Defendant when she signed a Retail Installment Contract.

30.     The Retail Installment Contract does not include all of the disclosures required by TILA.

31.     The contract misstates the amount financed due to a false representation about the down payment.

32.     The contract also violates the TILA because charges were imposed differently than in a cash transaction.

WHEREFORE, Plaintiff, Katherine Lopez, respectfully requests that this Court enter judgment in her favor and against Defendant, Wheels of Chicago, and award:

      (A)     Statutory damages;

      (B)     Attorney fees and costs;

      (C)     Any other relief the Court deems just and appropriate.

## COUNT II
### *Violation of the Truth in Lending Act*
### *Failure to Disclose Finance Charge for Payment Book*

33.     Plaintiff incorporates paragraphs 1 through 27 into this count.

34.     On July 24, 2003, Plaintiff consummated a credit transaction with Defendant when she

signed a form Retail Installment Contract.

35.     The Retail Installment Contract does not include all of the disclosures required by

TILA.

36.     The contract fails to disclose a $20 charge for a payment book as a finance charge.

WHEREFORE, Plaintiff, Katherine Lopez, respectfully requests that this Court enter judgment

in her favor and against Defendant, Wheels of Chicago, and award:

          (A)     Statutory damages;

          (B)     Attorney fees and costs;

          (C)     Any other relief the Court deems just and appropriate.

## COUNT III
### *Violation of the Truth in Lending Act*
### *Failure to Disclose Security Interest in Wages*

37.     Plaintiff incorporates paragraphs 1 through 27 into this count.

38.     On July 24, 2003, Plaintiff consummated a credit transaction with Defendant when she

signed a form Retail Installment Contract.

39.     The Retail Installment Contract does not include all of the disclosures required by

TILA.

40.     The contract fails to disclose a security interest taken in a wage assignment.

WHEREFORE, Plaintiff, Katherine Lopez, respectfully requests that this Court enter judgment

in her favor and against Defendant, Wheels of Chicago, and award:

          (A)     Statutory damages;

(B)     Attorney fees and costs;

(C)     Any other relief the Court deems just and appropriate.

## COUNT IV
### *Violation of the Truth in Lending Act*
### *Failure to Disclose Charges Incidental to the PASSTIME System as Finance Charges*

41.     Plaintiff incorporates paragraphs 1 through 27 into this count.

42.     On July 24, 2003, Plaintiff consummated a credit transaction with Defendant when she signed a form Retail Installment Contract.

43.     The Retail Installment Contract does not include all of the disclosures required by TILA.

44.     The contract fails to disclose the charges incidental to the PASSTIME system as finance charges.

WHEREFORE, Plaintiff, Katherine Lopez, respectfully requests that this Court enter judgment in her favor and against Defendant, Wheels of Chicago, and award:

(A)     Statutory damages;

(B)     Attorney fees and costs;

(C)     Any other relief the Court deems just and appropriate.

## COUNT V
### *Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act*

45.     Plaintiff incorporates paragraphs 1 through 44 into this count.

46.     On July 24, 2003, Defendant charged $20 to Plaintiff for a Payment Book.

47.     Defendant itemized the charge for the payment book in the retail installment contract

under the section titled Public Officials.

48.     The Illinois Consumer Fraud Act and Deceptive Business Practices Act prohibits unfair practices.

49.     Defendant's practice of charging $20 for a payment book is unfair because it violates public policy as established in the Truth in Lending Act and the Illinois Motor Vehicle Retail Installment Sales Act.

50.     Defendant's practice is unfair because it is unscrupulous and oppressive.

51.     Defendant's practice is unfair because it harms consumers by unfairly increasing the cost of purchasing a vehicle.

52.     Defendant's unfair practice has proximately caused damages to Plaintiff.

WHEREFORE, Plaintiff, Katherine Lopez, respectfully requests that this Court enter judgment in her favor and against Defendant, Wheels of Chicago, and award:

      (A)     Actual damages;

      (B)     Punitive damages;

      (C)     Attorney's fees and costs;

      (D)     A declaration that the contract executed by Defendant with Plaintiff is void;

      (F)     Any other relief the Court deems just and appropriate.

## COUNT VI
### *Violation of the Magnuson Moss Warranty Act*

53.     Plaintiff incorporates paragraphs 1 through 26 into this count.

54.     Plaintiff purchased the car from Defendant for personal, family and household purposes.

55. Plaintiff is a consumer.

56. Defendant is a supplier and warrantor.

57. There is an implied warranty of merchantability that arose as a part of the sale because Defendant offered a written warranty.

58. The car was not in merchantable condition when it was sold in that it was not fit for its ordinary purpose, safe and reliable transportation.

59. Defendant breached the implied warranty of merchantability.

60. Plaintiff notified Defendant of the car's defects and mechanical problems within a reasonable time period.

61. Defendant failed to repair the car, replace the car or refund Plaintiff's money.

62. As result of Defendant's breach, Plaintiff suffered actual damages in the form of economic loss, lost use of the car and aggravation and inconvenience.

WHEREFORE, Plaintiff, Katherine Lopez, respectfully requests that this Court enter judgment in her favor and against Defendant, Wheels of Chicago, and award:

    (A)    Actual damages;

    (B)    Attorney fees and costs;

    (C)    Any other relief the Court deems just and appropriate.

Respectfully submitted,
Katherine Lopez, Plaintiff


By: _____
                 One of Her Attorneys

Chris Langone
Craig Frisch
Jeff Naffziger
THE LANGONE LAW FIRM
25 East Washington, Suite 1805
Chicago, Illinois 60602
(312) 782-2000

Page -9-

CAT 2    JUDGE HOLDERMAN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS    MAGISTRATE JUDGE MASON

## Civil Cover Sheet 04C 4577

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s):** KATHERINE LOPEZ

**Defendant(s):** WHEELS OF CHICAGO, INC.

County of Residence: COOK

County of Residence: COOK

Plaintiff's Atty:  CHRIS LANGONE
THE LANGONE LAW FIRM
25 E. WASHINGTON, SUITE
1805, CHICAGO, IL 60602
312-782-2000

Defendant's Atty:

DOCKETED
JUL 1 3 2004

---

II. Basis of Jurisdiction:    **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties (**Diversity Cases Only**)
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **371 Truth in Lending**

VI. Cause of Action:    **Truth in Lending Act - failure to disclose proper amount financed**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature:

Date:    7/12/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.
Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**    Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JUDGE HOLDERMAN

In the Matter of

DOCKETED   MAGISTRATE JUDGE

JUL 13 2004   Case Number:

KATHERINE LOPEZ

04C 4577

v

WHEELS OF CHICAGO, INC

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME CHRISTOPHER LANGONE | NAME CRAIG FRISCH |
| FIRM LANGONE LAW FIRM | FIRM LANGONE LAW FIRM |
| STREET ADDRESS 25 E. WASHINGTON, SUITE 1805 | STREET ADDRESS 25 E. WASHINGTON, SUITE 1805 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-782-2000  FAX NUMBER 312-782-2022 | TELEPHONE NUMBER 312-782-2000  FAX NUMBER 312-782-2022 |
| E-MAIL ADDRESS CLANGONE@LANGONELAW.COM | E-MAIL ADDRESS CFRISCH@LANGONELAW.COM |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6211105 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6274957 |
| MEMBER OF TRIAL BAR?   YES ☑   NO ☐ | MEMBER OF TRIAL BAR?   YES ☐   NO ☑ |
| TRIAL ATTORNEY?   YES ☑   NO ☐ | TRIAL ATTORNEY?   YES ☑   NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME JEFFREY NAFFZIGER | NAME |
| FIRM LANGONE LAW FIRM | FIRM |
| STREET ADDRESS 25 E. WASHINGTON, SUITE 1805 | STREET ADDRESS |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-782-2000  FAX NUMBER 312-782-2022 | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS JNAFFZIGER@LANGONELAW.COM | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6275581 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☑   NO ☐ | MEMBER OF TRIAL BAR?   YES ☐   NO ☐ |
| TRIAL ATTORNEY?   YES ☑   NO ☐ | TRIAL ATTORNEY?   YES ☐   NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |